Commonwealth *v.* Dillane.

---

## COMMONWEALTH *vs.* JAMES DILLANE.

The time of an unlawful single sale of intoxicating liquor need not be proved as laid in the indictment.

On the trial of an indictment found on the 18th day of a month, for an unlawful sale of intoxicating liquor, there is no presumption that a sale proved to have been made in that month, in the absence of all evidence to the contrary, was subsequent to the finding of the indictment.

It is no ground for setting aside a verdict finding the defendant guilty of a sale of intoxicating liquor to "Cornelius E. Maloney," that the only proof was of a sale to "Dr Maloney."

INDICTMENT on *St.* 1852, *c.* 322, § 7, found at May term 1853 of the court of common pleas for the county of Hampden, and

containing six counts; the first of which charged the defendant with an unlawful sale of intoxicating liquor to Thomas Bellows, at Chicopee, on the 1st of December 1852; the second count, a sale to Cornelius E. Maloney, at Chicopee, on the 2d of December 1852; and the other four counts respectively, sales to other persons, at the same place, on the 1st of January, the 1st of February, and the 1st and 2d of March 1853.

At the trial in that court, before *Byington,* J. the defendant requested the judge to rule, that as the indictment alleged the first sale to have been on the 1st of December 1852, and the other sales on particular days subsequent to that time, evidence of sales prior to that time was inadmissible. But the judge ruled otherwise, and admitted evidence of sales at any time since *St.* 1852, *c.* 322, took effect.

The only evidence of a sale to Cornelius E. Maloney, as charged in the second count of the indictment, was the testimony of Titus Smith, who stated that he was in the defendant's store in May 1853, and that Dr. Maloney called for a quart of rum; and the witness stated other facts tending to prove a sale to Dr. Maloney, but did not speak of the person who bought the liquor otherwise than by the name of Dr. Maloney; and there was no other evidence tending to identify Dr. Maloney with Cornelius E. Maloney.

The defendant requested the judge to instruct the jury that, as all presumptions were in favor of the defendant, and as the indictment was found on the 3d Monday (18th) of May 1853, they were to presume, in the absence of all evidence to the contrary, that the sale to Dr. Maloney, as testified to by Smith, was subsequent to the finding of the indictment, and that therefore the defendant could not be convicted on the second count. But the judge declined so to instruct the jury, and instructed them that in order to convict they must be satisfied from the evidence that the sale was made prior to the finding of the indictment.

The defendant, being convicted on the second, fifth and sixth counts, and acquitted on the others, alleged exceptions to the above rulings and instructions. He also moved for a new trial, " because the conviction of the defendant on the second count

in said indictment, alleging a sale to Cornelius E. Maloney, was without evidence and contrary to evidence, the only evidence which bore upon said count tending to prove a sale to Dr. Maloney." This motion was overruled by the court of common pleas, and renewed by the defendant in this court.

*E. W. Bond,* for the defendant, cited *Commonwealth* v. *Peck,* 1 Met. 428, as decisive of the authority of this court to grant a new trial in a case brought from the court of common pleas by exceptions.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

MERRICK, J. We see no sufficient cause for interfering with the verdict returned by the jury. It is certainly necessary in every indictment to state a day certain as the time when the offence charged against the accused was committed; but it need never be proved as laid, except in cases where time constitutes one of its essential or material elements. In this case it did not. The evidence therefore adduced in behalf of the Commonwealth was properly admitted, though it tended to prove sales of liquor by the defendant on other days than those mentioned in the indictment.

The testimony of Smith, from which the evidence in support of the second count was derived, was very properly left by the court to the consideration of the jury, whose peculiar duty it was to judge of its weight and bearing upon the question in issue. The law does not determine its effect, nor prescribe any rule of presumption in relation to it; and therefore the instructions, asked for by the defendant in relation to it, were not such as were adapted to the circumstances proved in the case, or proper to be given to the jury for their direction.

It is unnecessary to consider, or to remark upon, the power of this court to set aside a verdict, which has been rendered upon a trial in the court of common pleas, upon the ground that it was against the evidence or weight of evidence submitted to the jury; because, upon the facts stated in the bill of exceptions, there seems to be no good reason for supposing that the jury were at all incorrect in the conclusion they deduced in the present case from the evidence laid before them. The indictment

alleged a sale of intoxicating liquor by the defendant to Cornelius E. Maloney.   Smith, being produced as a witness on the part of the Commonwealth, testified to facts tending to show a sale of liquor to a person whom he called Dr. Maloney.   The jury were satisfied that this testimony supported the allegation in the indictment.   And we do not see why it did not.   It is not even now pretended that Cornelius E. Maloney is not well known as Dr. Maloney, or that there exist two persons by the name of Maloney, to which the different descriptions might apply.   There is certainly no inconsistency between the evidence produced and the fact established by the verdict; and it is only where such inconsistency can be shown to exist, that a verdict should be set aside as being unwarranted by the evidence.

*Exceptions and motion for new trial overruled.*